FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 1 2 2022

TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAWRENCE BROWN, Individually and
on Behalf of All Others Similarly Situated**                                    **PLAINTIFF**

vs.                                         No. 4:22-cv-_20-LPR_

**PENSKE TRUCK LEASING CO., LP, and
PENSKE TRUCK LEASING CORPORATION**                          **DEFENDANTS**

This case assigned to District Judge _Rudofsky_
and to _____ Judge _Kearney_

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Lawrence Brown ("Plaintiff"), individually and on behalf of all others

similarly situated, by and through his attorneys Sean Short and Josh Sanford of Sanford

Law Firm, PLLC, for his Original Complaint—Collective Action ("Complaint") against

Defendants Penske Truck Leasing Co., LP, and Penske Truck Leasing Corporation

(collectively "Defendant" or "Defendants"), states and alleges as follows:

## I.    PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiff, individually and on behalf of

all others similarly situated, against Defendant for violations of the overtime provisions of

the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime

provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the

"AMWA").

2.      Plaintiff seeks a declaratory judgment, monetary damages, liquidated

damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of

Defendant's policies and practice of failing to pay proper overtime compensation under

the FLSA and the AMWA.

## II.    JURISDICTION AND VENUE

3.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.      Defendant employed Plaintiff within Pulaski County. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

6.      Plaintiff is an individual and resident of Lonoke County.

7.      Separate Defendant Penske Truck Leasing Co., LP ("Penske Co."), is a foreign limited partnership, registered to do business in Arkansas.

8.      Penske Co.'s registered agent for service of process is Corporation Service Company at 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

9.      Separate Defendant Penske Truck Leasing Corporation ("Penske Corporation") is a foreign, for-profit corporation, registered to do business in Arkansas.

10.     Penske Corporation's registered agent for service of process is Corporation Service Company at 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

11.     Defendant's also do business as Penske Transportation Solutions.

12.    Defendant, in the course of its business, maintains a website at https://www.pensketruckrental.com/.

## IV.    FACTUAL ALLEGATIONS

13.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14.    Defendant's primary business is to provide truck rentals to its customers.

15.    Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

16.    Upon information and belief, the revenue generated from Penske Co. and Penske Corporation was merged and managed in a unified manner.

17.    As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

18.    Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

19.    Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

20.    Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

21.    At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

22.    Defendant employed Plaintiff as an hourly-paid employee from June of 2017 until November of 2021.

23.    Defendant also employed other hourly-paid employees ("hourly employees") within the three years preceding the filing of this lawsuit.

24.    At all relevant times herein, Defendant directly hired hourly employees to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

25.    Plaintiff and other hourly employees recorded their hours worked via Defendant's electronic time keeping system.

26.    Plaintiff regularly worked hours over 40 per week.

27.    Upon information and belief, other hourly employees also regularly or occasionally worked hours over 40 in a week.

28.    Plaintiff regularly worked hours which went unrecorded and uncompensated.

29.    In weeks in which Plaintiff worked over 40 hours, Defendant required him to sign a paper ("time-adjustment form") stating that the hours over 40 were a result of Plaintiff's mistake in recording his time in Defendant's system. Plaintiff was required to

sign the time-adjustment form regardless of whether he actually mistakenly recorded additional time.

30.    Other hourly employees were also required to sign time-adjustment forms in weeks in which they worked over 40 hours.

31.    If Plaintiff or other hourly employees refused to sign the time-adjustment form, they would receive a disciplinary write-up.

32.    It is Defendant's policy to terminate employees after they receive three write-ups.

33.    Defendant regularly required Plaintiff to work over 40 hours in a week or assigned him so much work that he was unable to complete his weekly work in 40 hours or less.

34.    Upon information and belief, other hourly employees were also required to work over 40 hours per week.

35.    Defendant knew or should have known that Plaintiff and other hourly employees were working hours over 40 in some or all weeks.

36.    Defendant knew or should have known that Plaintiff and other hourly employees were working hours which went unrecorded and uncompensated.

37.    At all relevant times herein, Defendant has deprived Plaintiff and other hourly employees of sufficient overtime compensation for all of the hours worked over forty per week.

38.    Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

39.    Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

40.    Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated, who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    Regular wages and overtime premiums for all hours worked over forty hours in any week;

B.    Liquidated damages; and

C.    Attorney's fees and costs.

41.    Plaintiff proposes the following collective under the FLSA:

**All hourly employees who were paid for any workweek in which (1) their pay was calculated from a time-adjustment form and (2) the payment was for 39 or more hours, at any time within the last three years.**

42.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

43.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

44.    The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.    They were paid hourly;

B.    They were subject to Defendant's common policy and practice of requiring them to sign time-adjustment forms when they worked over 40 hours per week; and

C.    They worked over 40 hours in at least 1 week in which Defendant required them to sign a time-adjustment form.

45.    Plaintiff is unable to state the exact number of the collective but believes that it exceeds 20 persons.

46.    Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

47.    The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

48.    The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

49.    Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

50.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

51.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

52.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular

wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

53.    Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

54.    Defendant failed to pay Plaintiff for all hours worked, including 1.5x his regular rate for all hours worked in excess of forty hours per week.

55.    Defendant knew or should have known that its actions violated the FLSA.

56.    Defendant's conduct and practices, as described above, were willful.

57.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

58.    Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

59.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

60.    Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

61.    Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

62.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

63.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

64.    Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

65.    Defendant failed to pay Plaintiff and similarly situated employees for all hours worked, including 1.5x their regular rate for all hours worked in excess of 40 hours per week.

66.    Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over 40 per week, in violation of the FLSA.

67.    Defendant knew or should have known that its actions violated the FLSA.

68.    Defendant's conduct and practices, as described above, were willful.

69.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

70.    Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

71.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

72.    Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

73.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, et seq.

74.    At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

75.    Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

76.    Defendant classified Plaintiff as nonexempt from the requirements of AMWA.

77.    Defendant failed to pay Plaintiff for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty per week.

78.    Defendant knew or should have known that its practices violated the AMWA.

79.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

80.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Lawrence Brown, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.    A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.    Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.    Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA, the AMWA and their related regulations;

D.    Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.    An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.      Such other and further relief as this Court may deem just and proper.

                              Respectfully submitted,

                              **LAWRENCE BROWN, Individually
                              and on Behalf of All Others
                              Similarly Situated, PLAINTIFF**

                              SANFORD LAW FIRM, PLLC
                              Kirkpatrick Plaza
                              10800 Financial Centre Pkwy, Suite 510
                              Little Rock, Arkansas 72211
                              Telephone: (800) 615-4946
                              Facsimile: (888) 787-2040


                              _____
                              Sean Short
                              Ark. Bar No. 2015079
                              sean@sanfordlawfirm.com


                              _____
                              Josh Sanford
                              Ark. Bar No. 2001037
                              josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAWRENCE BROWN, Individually and**                    **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                      No. 4:22-cv-20-LPR

**PENSKE TRUCK LEASING CO., LP, and**                **DEFENDANTS**
**PENSKE TRUCK LEASING CORPORATION**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Penske Truck Leasing Co., LP, and Penske Truck Leasing Corporation within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

*Lawrence Brown*
_____
**LAWRENCE BROWN**
January 12, 2022

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**Kirkpatrick Plaza**
**10800 Financial Centre Parkway, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**