IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAWRENCE BROWN, Individually and**     **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.     No. 4:22-cv-20-LPR

**PENSKE TRUCK LEASING CO., LP, and**     **DEFENDANTS**
**PENSKE TRUCK LEASING CORPORATION**

## PLAINTIFF'S PRETRIAL DISCLOSURE SHEET

Plaintiff Lawrence Brown, by and through his attorneys Sean Short and Josh Sanford of the Sanford Law Firm, PLLC, for his Pretrial Disclosure Sheet does hereby state as follows:

**1.     Identity of the party submitting information.**

Plaintiff Lawrence Brown, by and through his attorneys of the Sanford Law Firm, PLLC.

**2.     Names, addresses, and telephone numbers of all counsel for the parties.**

Sean Short and Josh Sanford of Sanford Law Firm, PLLC, Kirkpatrick Plaza, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, Telephone: (501) 221-0088, Facsimile: (888) 787-2040; Emails: sean@sanfordlawfirm.com and josh@sanfordlawfirm.com.

**3.     A brief summary of the claims and relief sought.**

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), A.C.A. § 11-4-201 *et seq.*, for unpaid

overtime wages. The FLSA and AMWA require employers to pay each employee a minimum hourly wage for all hours worked in a week and an overtime premium for all hours worked over forty per week. 29 U.S.C. §§ 206, 207; A.C.A. §§ 11-4-210–211. Defendant Penske Truck Leasing Co., L.P. ("Penske") is a transportation services provider specializing in full-service truck leasing, transportation and warehousing management, and supply chain management solutions, among other things. Penske employed Plaintiff at its Little Rock Branch as a Maintenance Coordinator from June of 2017 until November 11, 2021.

Plaintiff asserts that Penske regularly required him to work in excess of forty hours per week, but Penske failed to pay Plaintiff for all of his hours worked over forty per week.

Accordingly, Plaintiff seeks to recover damages in the form of unpaid overtime, liquidated damages, attorneys' fees, and costs as provided for by 29 U.S.C. § 216(b) and A.C.A. § 11-4-218. Plaintiff seeks to recover for a three-year period due to Defendants' willfulness in failing to pay his required overtime wages.

**4.     Prospects for settlement.**

The Parties have engaged in limited settlement negotiations but Plaintiff is open to further negotiations.

**5.     The basis for jurisdiction and objections to jurisdiction.**

Plaintiff seeks relief under the FLSA, 29 U.S.C. 201 *et seq.* Therefore, this Court has original jurisdiction of this action under 28 U.S.C. § 1331. Plaintiff also seeks relief under the AMWA, which is within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). The acts complained of in Plaintiff's Original Complaint—Collective Action were committed and had their principal effect within the Eastern District of Arkansas. Thus, venue is proper within this District pursuant to 28 U.S.C. § 1391.

**6.     A list of pending motions.**

Defendants' motion for summary judgment, ECF No. 25, is pending before this Court.

**7.     A concise summary of the facts.**

Defendants employed Plaintiff as a Maintenance Coordinator from June of 2017 until November 11, 2021. Defendants classified Plaintiff as non-exempt from the minimum wage and overtime protections of the FLSA and paid Plaintiff an hourly wage.

Plaintiff regularly worked in excess of forty hours per week, but Defendants failed to pay Plaintiff overtime wages for all of his hours worked over forty per week. Accordingly, Plaintiff is entitled to overtime wages for all hours worked per week. Penske intentionally failed to pay Plaintiff for all of his hours worked so as to avoid the and overtime requirements of the FLSA and AMWA.

**8.     All proposed stipulations.**

A.  The United States District Court for the Eastern District has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

B.  This Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

C.  Plaintiff was a citizen of the United States and resident of and domiciled in the State of Arkansas at the time of the filing Plaintiff's Original Complaint.

D.  Penske conducts business within the State of Arkansas.

E.  Penske qualifies as a covered "employer" as that term is defined by the FLSA and AMWA.

F.  Penske provides full-service truck leasing, transportation and warehousing management, and supply chain management solutions, among other things, from its Little Rock Branch.

G.  Penske's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of the Original Complaint—Collective Action.

H.  In the course of performing his work for Penske, Plaintiff regularly handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

I.  Plaintiff participated in interstate commerce as part of his job by ordering supplies that have been produced and purchased out-of-state.

J.  At all times relevant to this action, Penske employed at least four individuals on a full time basis.

K.  Penske is subject to the provisions of the FLSA and AMWA.

L.  Plaintiff is covered by the minimum wage and overtime protections of the FLSA and AMWA.

M.  Penske hired Plaintiff to work for Defendants with the job title of Maintenance Coordinator.

N.  Plaintiff was employed by Defendants from approximately June of 2017 until November 11, 2021.

O.  Penske classified Plaintiff as non-exempt from the minimum and overtime wage provisions of the FLSA and AMWA for the entirety of his employment.

**9.     The issues of fact expected to be contested.**

A.    The number of hours Plaintiff worked each week;

B.    Whether Plaintiff performed work that was not properly compensated; and

C.    Plaintiff's job duties and the amount of time devoted to Plaintiff's various job duties.

**10.    The issues of law expected to be contested.**

A.    The applicable statute of limitations (willfulness);

B.    Liquidated damages (i.e., whether Defendants acted in objective and subjective good faith in failing to compensate Plaintiffs as required under the FLSA); and

C.    The amount of damages owed to Plaintiff.

**11.    A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

Plaintiffs expect to offer the following exhibits:

A.    Relevant portions of Plaintiff's personnel records;

B.    Relevant portion of Plaintiff's pay/earnings records;

C.    Relevant portions of Plaintiff's time punch detail reports;

D.    Relevant portions of Plaintiff's Compensable Time Record froms;

E.    Damages calculations.

Plaintiff may offer the following exhibits:

A. Any and all documents received from Defendants or produced by Plaintiff in Discovery;

B. Any and all documents filed in this case.

**12. The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

Plaintiff expects to call Plaintiff, Karen Miller, and David Boone.

Plaintiff may call any person identified by Defendants in Defendants' disclosures and discovery responses.

**13. The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.**

Discovery has been completed.

**14. An estimate of the length of trial and suggestions for expediting disposition of the action.**

Plaintiffs estimate that the trial of this matter can be accomplished in two (2) six-hour days. The proposed stipulations in Paragraph 8 above are offered in order to expedite the disposition of this action.

Respectfully submitted,

**LAWRENCE BROWN, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Ste. 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com