IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAWRENCE BROWN, Individually and**                        **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                               No. 4:22-cv-20-LPR

**PENSKE TRUCK LEASING CO., LP, and**                      **DEFENDANTS**
**PENSKE TRUCK LEASING CORPORATION**

## PLAINTIFF'S TRIAL BRIEF

### I. INTRODUCTION

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* and the Arkansas Minimum Wage Act ("AMWA") A.C.A. § 11-4-201, *et seq.,* to recover overtime wages owed to Plaintiff Lawrence Brown ("Plaintiff"), a former employee of Defendant Penske Truck Leasing Co., LP. ("Defendant" or "Penske").  Plaintiff does not oppose separate Defendant Penske Truck Leasing Corporation's request for summary judgment as to its status as Plaintiff's employer, but his opposition to Defendant Penske Truck Leasing Co., LP's motion for summary judgment remains. As an employee of Defendant, Plaintiff was paid an hourly rate, and classified as non-exempt from the overtime provisions of the FLSA. Plaintiff was routinely required to work in excess of forty (40) hours per week; however, Plaintiff was not paid for all hours. Instead, Defendant, through various managers and supervisors, required Plaintiff to perform work "off-the-clock." Plaintiff seeks damages for all "off-the-clock" work performed during the statutory period.

## II.   ISSUES TO BE RESOLVED AT TRIAL

Plaintiff anticipates that the primary disputes at trial will be (a) the number of hours worked by Plaintiff, the accuracy of any records maintained by Defendant; (b) the amount of damages owed to Plaintiffs; (c) the applicable statute of limitations; and (d) Plaintiff's entitlement to liquidated damages pursuant to the FLSA, the AMWA, and their relating regulations.

**A.   Plaintiff typically worked more than forty hours per week on average, and Defendant failed to maintain accurate records of Plaintiff's hours worked.**

*1. Plaintiff is entitled to prove her hours according to the burden-shifting provisions of Anderson v. Mt. Clemens Pottery Co.*

The FLSA imposes requirements on the employer of keeping records of an employee's hours worked. 29 C.F.R. §§ 516.2(a)(7) and 516.3. Normally, an employee who brings suit under the FLSA has the burden of proving that he performed work for which he was not properly compensated; however, that burden is relaxed where the employer has failed to fulfill its obligation of keeping accurate records containing the information required under the FLSA. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–688 (1946). Without the burden-shifting provision, an employee would essentially be penalized, and the employer rewarded, for the employer's failure to comply with the record-keeping requirements of the FLSA. *Id*. Indeed, an employer who has failed to comply with the requirements that it maintain adequate employment records "pays for that failure at trial by bearing the lion's share of the burden of proof." *Gomez v. Tyson Foods, Inc.*, 2013 U.S. Dist. LEXIS 142586, *30 (D. Neb. Oct. 2, 2013) (citing *Secretary of Labor v. DeSisto*, 929 F.2d 789, 792 (1st Cir. 1991)).

While the initial burden even under *Mt. Clemens* remains on the employee, "that burden is a minimal one." *Id*. The "proof" required under the burden-shifting provisions of *Mt. Clemens* may be nothing more than the employee's own credible sworn testimony, which does not have to be an exact recitation of times, dates, and hours worked to shift the burden of proof to the employer. *Arias v. United States Service Industries Inc.*, 80 F.3d 509 (D.C. Cir. 1996). The employee may simply testify to the best of his recollection regarding the approximate amount of hours worked, and an employer who has failed to fulfill its duty under the FLSA to maintain records which could have been used to rebut the employee's testimony must bear the burden of any consequent imprecision in calculating damages. *Martin v. Selker Bros., Inc.*, 949 F.2d 1286 (3rd Cir. 1991); *Mt. Clemens*, 328 U.S. at 688 ("The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of [the FLSA]."); *Mitchell v. Reynolds*, 125 F. Supp. 337 (W.D. Ark. 1954) (although the employer was free to ask employees to keep their own records of hours, the employer did so at its own risk and having done so, did not escape its FLSA obligations).

To be clear, where the employer has failed to maintain accurate records, it is neither uncommon nor inappropriate for an employee to satisfactorily and wholly support his or her claims by offering an average range of hours worked each week. *Baden-Winterwood v. Life Time Fitness, Inc.*, 729 F. Supp. 2d 965, 991–992 (S.D. Ohio 2010) ("The Court must determine the amount of uncompensated hours each testifying plaintiff worked. That determination is by necessity imprecise, involving estimates and averages, since Defendant failed to keep records of the precise time Plaintiff worked.").

Although the *Mt. Clemens* burden-shifting provision was created under the FLSA, it is also applicable to claims under the AMWA. Arkansas regulations specifically permit reliance on the interpretations of federal precedent established under the FLSA in interpreting and applying the provisions of the AMWA and Rule 010.14-100 through 010.14-113, "except to the extent a different interpretation is clearly required." Admin. Reg. Labor Standards Div. Ark. Dep't. of Labor Rule 010.14-112. To the extent that "a different interpretation is clearly required" in this case, it is that the AMWA should be construed even more favorably to Plaintiff than the FLSA based on the AMWA's explicit directives that it "shall be liberally construed in favor of its purposes." Ark. Code Ann. § 11-4-204(b).

Here, the burden-shifting provisions of *Mt. Clemens* apply, and Plaintiff is entitled to prove his damages by testifying to his hours worked based upon his recollection. Defendant required employees to clock in and out using a timekeeping system. However, Plaintiff was required to perform off-the-clock duties after he clocked out. Testimony will show that Defendant, in an effort to reduce the work hours performed by store personnel, required or permitted Plaintiff to work after clocking out, performing certain duties without receiving proper pay for the time worked. This failure to properly track the hours worked of its employees warrants application of the burden-shifting provisions of *Mt. Clemons*, and Plaintiff should be permitted to establish his damages via his best estimates of hours worked on a weekly basis.

The types of tasks Plaintiff performed while off the clock after the end of his regularly scheduled shifts included "checking in" parts, which meant putting a barcode on parts that were delivered to Defendants, checking inventory to see how much is actually

in stock, reviewing bills of lading and comparing with the delivery, reporting any overages or shortages, and scanning everything in so that parts can be scanned by Defendants' techs that use the parts for purposes of charging the customer. Plaintiff also performed the task of putting the parts that were delivered on Defendants' shelves after the parts are barcoded. Plaintiff also barcoded tires, which was a more involved process than barcoding other parts because tires had to be packaged for weather, and tires were expensive, making any errors in barcoding costly.

Another task Plaintiff performed off-the-clock was picking up parts from vendors in North Little Rock and Benton, Arkansas. Although Plaintiff typically performed this task during his shift, he did this type of work after-hours about twice each week, although before the conversation with Boone about working overtime, he "sometimes" reported this work to Miller to be paid. Plaintiff also occasionally did off-the-clock cleaning and preparing the shop for visits from fire inspectors, OSHA and Defendants' corporate employees.

Because Defendant did not pay Plaintiff for all hours worked, Plaintiff was denied a proper overtime premium for hours worked in excess of forty hours per week. Under *Mt. Clemens*, the burden then shifts to Defendant to show if, and in what specific weeks, Plaintiff did not work the hours he claims to have worked.

   2. *Plaintiff is entitled to minimum wage for all hours worked, and is entitled to an overtime premium for all hours worked over forty (40) per week.*

The FLSA creates certain financial obligations upon employers such as Defendant, including the requirements of minimum wages and that for every hour worked in excess of a certain limit (generally forty (40) hours per week) the employer must pay a premium rate of one-and-one-half times the employee's regular hourly rate. 29 U.S.C. § 206, 207.

The AMWA likewise provides for minimum wages and overtime pay. Employers in Arkansas are subject to the requirements of the AMWA in each week that they employed four or more employees.

Without factoring in Plaintiff's off-the-clock work, Defendant paid Plaintiff a regular hourly rate ranged from $18.54 to $20.56 during the applicable statutory period, according to Defendant's records. Proper overtime compensation under this pay scheme would result in an hourly rate of between $27.81 and $30.84 for all hours worked in a week over forty (40). Defendant did not pay Plaintiff an accurate overtime premium for all of the hours he worked exceeding forty (40) per week, due to him performing work "off-the-clock". Plaintiff's damages, then, are the number of estimated hours worked off-the-clock per week multiplied by his overtime rates. The applicability of liquidated damages is addressed below.

**B.     The applicable statute of limitations is three years.**

A two-year statute of limitations applies to FLSA actions unless the Defendant's violation was willful, in which case the statute of limitations is extended to three years. 29 U.S.C. § 255. A violation of the FLSA is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). The statute of limitations for violations of the AMWA is two years. Ark. Code Ann. § 11-4-218(g).

The facts herein demonstrate that Defendant's violations of the FLSA were willful. Defendant implemented a system by which Defendant required Plaintiff to perform overtime work but discouraged Plaintiff from reporting and being compensated for that work. Defendant imposed a rule that employees could only work their scheduled hours

and were required to clock out at the scheduled shift end time. Defendant added that employees would not be paid for any overtime hours worked that were not pre-approved. Further, Defendant began requiring employees to sign a Compensable Time Report to alter their hours worked from the time recorded on the electronic punch clock.

Despite having a policy that facially prohibited employees from working overtime hours, managers and supervisors continued to require Plaintiff to perform work in excess of forty per week. Yet, Plaintiff's managers did not ensure that Plaintiff had approval for such overtime work despite reassurances that they would do so, resulting in the failure of Defendant to compensate Plaintiff for all hours worked. Further, the same managers that required Plaintiff to preform off-the-clock work, also told Plaintiff they would get in trouble if he reported the work in an effort to get paid for it.

In sum, Defendant created a substantial barrier intended to discourage Plaintiff from reporting and obtaining payment for his overtime hours worked on his own accord. Defendant at once insisted that overtime work was prohibited, threatened employees with discipline if they worked overtime, and then, while understaffed, allowed its managers to insist that employees work overtime without ensuring that the overtime work was paid. This is the type of behavior that has led courts to impute constructive knowledge of overtime hours worked. *See Woodbury*, 455 F.3d at 782; *Allen*, 865 F.3d at 939; *Myers*, 2017 U.S. Dist. LEXIS 146233, at *18–19.

### C. Plaintiff is entitled to an award of liquidated damages.

When an employer is found to have violated the overtime and minimum wage requirements of the FLSA, the employer "shall be liable" to the employee for liquidated damages in an amount equal to the amount of wages owed. 29 U.S.C. § 216. Liquidated

damages are not penal in nature but represent compensation to the employee for otherwise obscure and difficult to prove damages. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). Subject to the discretion of the Court, an employer may be wholly or partially relieved of his duty to pay liquidated damages only if the employer proves "that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260.

An employer who violates the FLSA carries the burden of proving its claim of good faith and reasonable grounds, and the employer must show that it acted in both objective and subjective good faith, which requires that an employer demonstrate that it "took affirmative steps to ascertain the [FLSA's] requirements but nonetheless violated its provisions." *Martin v. Ind. Mich. Power Co.*, 381 F.3d 574, 584 (6th Cir. 2004); *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008). Liquidated damages are "the norm" where an FLSA violation is found. *Id*.

Defendant will not be able to carry its burden of proving that it acted in both objective and subjective good faith. The minimum wage and overtime provisions of the FLSA are some of the most fundamental and commonly known protections offered to employees. Defendant's failure to pay an overtime premium is inexcusable.

### III. CONCLUSION

Plaintiff is entitled to all wages unpaid by Defendant in the scope of Plaintiff's employment. Though Plaintiff routinely worked over forty hours per week, Defendant failed to pay him a lawful overtime premium for all hours worked. Further, Defendant's complete failure to investigate and correct its pay policies, as well as its practice of

discouraging employees from recording all hours worked, necessitates a statute of limitations of 3 years and an award of liquidated damages.

        Respectfully submitted,

        **PLAINTIFF LAWRENCE BROWN, Individually and on Behalf of All Others Similarly Situated**

        SANFORD LAW FIRM, PLLC
        Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Suite 510
        Little Rock, Arkansas 72211
        Telephone: (800) 615-4946
        Facsimile: (888) 787-2040

        Sean Short
        Ark. Bar No. 2015079
        sean@sanfordlawfirm.com

        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com