IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAWRENCE BROWN, Individually and**            **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.            No. 4:22-cv-20-LPR

**PENSKE TRUCK LEASING CO., LP, and**            **DEFENDANTS**
**PENSKE TRUCK LEASING CORPORATION**

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiff Lawrence Brown, by and through his attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, for his Proposed Findings of Fact and Conclusions of Law as for his claims against Defendant Penske Truck Leasing Co., LP. ("Defendant" or "Penske"), does hereby state as follows:

### I.   PROPOSED FINDINGS OF FACT

1.   Within the three years preceding the filing of Plaintiff's Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

2.   Within the three years preceding the filing of Plaintiff's complaint, Defendant had continuously employed at least four employees.

3.   Defendant is a transportation services provider operating throughout Arkansas.

4.   Defendant is a foreign limited partnership, registered to do business in

Page 1 of 6
Lawrence Brown, et al. v. Penske Trucking Leasing Co., LP, et al.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-20-LPR
Plaintiff's Proposed Findings of Fact and Conclusions of Law

Arkansas.

5. Plaintiff was employed by Defendant to work in its Little Rock, Arkansas, branch as an hourly-paid Maintenance Coordinator from early June of 2017 until November 11, 2021; Brown resigned effective April 6, 2022.

6. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

7. Defendant directly hired Plaintiff to work at its branch, paid him certain wages, controlled his work schedule, duties, protocols, assignments, and employment conditions, and kept at least some records regarding his employment.

8. As a Maintenance Coordinator, Plaintiff's job duties involved ordering parts, receiving parts, moving parts, doing inventory and inventory-related paperwork, scheduling maintenance for the customer and otherwise fulfilling a customer service role for on-site customers, as well as working the shop or in the parking lot to check Defendants' trucks. Plaintiff also picked up parts from vendors in North Little Rock and Benton, both during his regular shift and after his regular shifts.

9. In carrying out his duties, Plaintiff frequently worked more hours than he was scheduled, which went unrecorded and uncompensated.

10. Plaintiff regularly worked over 40 hours per week as a Maintenance Coordinator.

11. Throughout his employment with Defendant, Plaintiff worked around 2.5-5 additional hours per week over forty (40).

12. Defendant kept inaccurate records of Plaintiff's hours worked.

13. Throughout his employment, Defendant had a timekeeping system by

Page 2 of 6
Lawrence Brown, et al. v. Penske Trucking Leasing Co., LP, et al.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-20-LPR
Plaintiff's Proposed Findings of Fact and Conclusions of Law

which Plaintiff clocked in and out.

14. If Plaintiff's clock time reflected hours worked in excess of forty per week for overtime hours that were not specifically pre-authorized and approved by Defendant, Plaintiff was not paid for those hours, but rather was required to complete a Compensable Time Report form to adjust his hours back down to forty per week.

15. Defendant implemented a system by which Defendant required Plaintiff to perform overtime work but discouraged Plaintiff from reporting and being compensated for that work.

16. Defendant had constructive knowledge of Plaintiff's overtime hours worked and refused to compensate him for that time.

17. Defendant deprived Plaintiff of overtime compensation for all hours worked over 40 per week.

18. Defendant knew it was required by the FLSA to pay Plaintiff an overtime premium for all hours worked over 40 per week, but knowingly failed to do so by requiring him to work uncompensated overtime hours off-the-clock.

## II.   PROPOSED CONCLUSIONS OF LAW

1. Jurisdiction and venue are proper in this Court.

2. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

3. Defendant is a covered employer under the FLSA.

4. Defendant is a covered employer under the AMWA.

5. Defendant was at all times relevant hereto Plaintiff's employer and has been engaged in interstate commerce as that term is defined under the FLSA.

Page 3 of 6
Lawrence Brown, et al. v. Penske Trucking Leasing Co., LP, et al.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-20-LPR
Plaintiff's Proposed Findings of Fact and Conclusions of Law

6. Plaintiff was at all times relevant hereto Defendant's employee under the FLSA.

7. Plaintiff, as Defendant's employee, was subject to the protections of the FLSA and AMWA throughout his tenure with Defendant.

8. Defendant violated the FLSA and AMWA by not properly paying Plaintiff overtime for all hours worked over 40 per week.

9. As Defendant's records of Plaintiff's hours worked are inaccurate and incomplete, the *Anderson v. Mt. Clemens Pottery* reasonable inference test is applicable in this case, and Plaintiff is entitled to prove his time worked by stating to the best of his recollection the approximate number of hours he worked. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

10. Defendant has not met its burden of negating Plaintiff's best recollection regarding the approximate number of hours worked by Plaintiff.

11. Plaintiff is entitled to liquidated damages in an amount equal to his damages as set forth above as mandated by the FLSA because Defendant did not demonstrate that its actions in failing to properly compensate Plaintiff were in good faith and with reasonable grounds.

12. Because Defendant carries the burden of proving good faith for liquidated damages purposes, liquidated damages are awarded as Defendant's decisions were not made in both objective and subjective good faith.

13. Defendant has not proved that it took affirmative steps to ascertain the FLSA's requirements and nonetheless violated its provisions.

14. Because Defendant knew that it was required by the FLSA to pay Plaintiff

Page 4 of 6
Lawrence Brown, et al. v. Penske Trucking Leasing Co., LP, et al.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-20-LPR
Plaintiff's Proposed Findings of Fact and Conclusions of Law

an overtime premium for all hours worked over 40 per week and knew that Plaintiff was in fact working over 40 hours per week, yet willfully and without justification failed to compensate Plaintiff accordingly, Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. § 216(b) in the amount equal to the amount of compensatory damages she proves she is owed.

15. Plaintiff has incurred attorneys' fees in an effort to assert his rights for violations by Defendant under the FLSA, and by law such reasonable attorneys' fees should be paid by Defendant.

16. Plaintiff has incurred costs in an effort to assert his rights under the FLSA and AMWA, and by law those costs should be paid by Defendant.

17. In total, Defendant is liable to Plaintiff, and this Court renders judgment as follows:

   a. $15,531.83 for unpaid overtime wages

   b. $15,531.83 for liquidated damages, for a total of $31,063.765.

   c. Plus, reasonable attorneys' fees and costs, which will be requested by petition within the time required by the Federal Rules of Civil Procedure and Local Rules of this Court.

Page 5 of 6
Lawrence Brown, et al. v. Penske Trucking Leasing Co., LP, et al.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-20-LPR
Plaintiff's Proposed Findings of Fact and Conclusions of Law

Respectfully submitted,

**PLAINTIFF LAWRENCE BROWN, Individually and on Behalf of All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 6 of 6
Lawrence Brown, et al. v. Penske Trucking Leasing Co., LP, et al.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-20-LPR
Plaintiff's Proposed Findings of Fact and Conclusions of Law**